# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>　　WOPIRB, LLC,<br><br>　　　　　Debtor. | Case No. 23-12722-mdc<br><br>Chapter 11 |

**Plan of Reorganization Under Chapter 11**

WOPIRB, LLC's Plan of Reorganization, Dated December 11, 2023.

　　　　　　　　　　　　　　　　　CIBIK LAW, P.C.
　　　　　　　　　　　　　　　　　*Counsel for Debtor*
　　　　　　　　　　　　　　　　　　*WOPIRB, LLC*

　　　　　　　　　　　　　　By: /s/ Michael A. Cibik
　　　　　　　　　　　　　　　　　Michael A. Cibik (#23110)
　　　　　　　　　　　　　　　　　1500 Walnut Street, Suite 900
　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　215-735-1060
　　　　　　　　　　　　　　　　　mail@cibiklaw.com

## Table of Contents

Background .................................................................................................................................... 3
    Description and History of the Debtor's Business ................................................................ 3
    The Debtor's Bankruptcy Case ............................................................................................... 3
Article 1    Summary ................................................................................................................... 3
Article 2    Classification of Claims and Interests ....................................................................... 3
    2.01  Class 1 ............................................................................................................ 3
    2.02  Class 2 ............................................................................................................ 3
    2.03  Class 3 ............................................................................................................ 3
    2.04  Class 4 ............................................................................................................ 3
    2.05  Class 5 ............................................................................................................ 3
Article 3    Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees ...... 4
    3.01  Unclassified claims ........................................................................................ 4
    3.02  Administrative expense claims ..................................................................... 4
    3.03  Priority tax claims ......................................................................................... 4
    3.04  Statutory fees ................................................................................................ 4
Article 4    Treatment of Claims and Interests Under the Plan ................................................. 4
    4.01  Voting rights and plan acceptance ............................................................... 4
    4.02  Treatment of claims and interests ................................................................ 4
Article 5    Allowance and Disallowance of Claims .................................................................... 5
    5.01  Disputed Claim .............................................................................................. 5
    5.02  Delay of distribution on a disputed claim .................................................... 5
    5.03  Settlement of disputed claims ...................................................................... 5
Article 6    Provisions for Executory Contracts and Unexpired Leases ..................................... 5
    6.01  Assumed executory contracts and unexpired leases .................................... 5
Article 7    Means for Implementation of the Plan .................................................................... 5
Article 8    General Provisions .................................................................................................... 5
    8.01  Definitions and rules of construction ........................................................... 5
    8.02  Effective date ................................................................................................ 5
    8.03  Severability ................................................................................................... 5
    8.04  Binding effect ............................................................................................... 6
    8.05  Captions ....................................................................................................... 6
    8.06  Controlling effect ......................................................................................... 6
    8.07  Corporate governance .................................................................................. 6
    8.08  Retention of Jurisdiction .............................................................................. 6
Article 9    Discharge .................................................................................................................. 6

### Background

**Description and History of the Debtor's Business**
The Debtor is a limited liability company that owns a rental property with retail and apartment space.

**The Debtor's Bankruptcy Case**
The Debtor filed this chapter 11 case on September 11, 2023.

## Article 1    Summary

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of WOPIRB, LLC (the Debtor) from cash flow from operations and future income.

This Plan provides for:   1 class of priority claims;
2 classes of secured claims;
1 class of non-priority unsecured claims;
1 and class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2    Classification of Claims and Interests

**2.01**   **Class 1**
There are no allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)) and, thus, no creditors in Class 1.

**2.02**   **Class 2**
The claim of Stormfield Capital Funding I, LLC to the extent allowed as a secured claim under 11 U.S.C. § 506.

**2.03**   **Class 3**
The claim of City of Philadelphia to the extent allowed as a secured claim under 11 U.S.C. § 506.

**2.04**   **Class 4**
All non-priority unsecured claims allowed under 11 U.S.C. § 502 and all deficiency claims of Class 2 claimholders.

**2.05**   **Class 5**
Equity interests of the Debtor.

## Article 3    Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

**3.01    Unclassified claims**
Under 11 U.S.C. § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. Claimholders of unclassified claims are not entitled to vote on this plan.

**3.02    Administrative expense claims**
Each holder of an administrative expense claim allowed under 11 U.S.C. § 503 will be paid in full. Claimholders of administrative expense claims are not entitled to vote on this plan.

**3.03    Priority tax claims**
Each holder of a priority tax claim will be paid in full with interest at an annual rate of 3%. Claimholders of priority tax claims are not entitled to vote on this plan.

**3.04    Statutory fees**
All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

## Article 4    Treatment of Claims and Interests Under the Plan

**4.01    Voting rights and plan acceptance**
Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

**4.02    Treatment of claims and interests**
Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 – **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☐ Unimpaired | Not applicable. |
| Class 2 – **Secured claim of Stormfield Capital Funding I, LLC** | ☒ Impaired<br>☐ Unimpaired | Class 2 is impaired by this Plan. The holder of the Class 2 Claim will be paid $576,894.46 in cash, with interest at an annual rate of 9%. Claimholders of Class 2 claims are entitled to vote on this plan. |
| Class 3 – **Secured claims of City of Philadelphia Bureau** | ☒ Impaired<br>☐ Unimpaired | Class 3 is impaired by this Plan. The holder of the Class 3 Claim will be paid in full, in cash, with interest at an annual rate of 9%. Claimholders of Class 3 claims are entitled to vote on this plan. |
| Class 4 – **Non-priority unsecured creditors and all deficiency claims of Class 2 claimholders** | ☒ Impaired<br>☐ Unimpaired | Class 4 is impaired by this Plan. Each holder of a Class 4 Claim will be paid pro-rata, in cash, from funds available after all Class 1 through Class 3 claims have been paid in full. Claimholders of Class 4 claims are entitled to vote on this plan. |
| Class 5 – **Equity security holders of the Debtor** | ☐ Impaired<br>☐ Unimpaired | Not applicable. |

## Article 5    Allowance and Disallowance of Claims

### 5.01    Disputed Claim
A disputed claim is a claim that has not been allowed or disallowed by a final non- appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

### 5.02    Delay of distribution on a disputed claim
No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

### 5.03    Settlement of disputed claims
The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6    Provisions for Executory Contracts and Unexpired Leases

### 6.01    Assumed executory contracts and unexpired leases
(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: NONE

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty-five (35) days after the date of the order confirming this Plan.

## Article 7    Means for Implementation of the Plan

The Debtor intends to fund the Plan by pursuing a sale of the property. The Debtor is in discussions with several investors, including a professional athlete, who are interested in purchasing the property. If this does not happen, the Debtor intends to list the property for sale. The Debtor expects to have more information about the interest of potential purchasers on or before December 31, 2023.

## Article 8    General Provisions

### 8.01    Definitions and rules of construction
The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

### 8.02    Effective date
The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

### 8.03    Severability
If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    **8.04**    **Binding effect**
The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

    **8.05**    **Captions**
The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    **8.06**    **Controlling effect**
Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

    **8.07**    **Corporate governance**
The Debtor is Limited Liability Company organized under the laws of the State of Pennsylvania.

    **8.08**    **Retention of Jurisdiction**
This Court shall retain jurisdiction until substantial consummation of this Plan after confirmation.

# Article 9    Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 5 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.