# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WOPIRB, LLC | : | |
| | : | |
| Debtor | : | Bky. No. 23-12722-mdc |

## OBJECTION OF STORMFIELD CAPITAL FUNDING I, LLC TO WOPIRB, LLC'S PLAN OF REORGANIZATION UNDER CHAPTER 11

Stormfield Capital Funding I, LLC (herein referred to as "Stormfield" or "Secured Creditor"), a secured creditor of WOPIRB, LLC (the "Debtor") in the above-captioned Chapter 11 case, by and through its undersigned counsel, Fein, Such, Kahn & Shepard, P.C., respectfully submits this objection (the "Objection") to the Debtor's Plan of Reorganization Under Chapter 11 (the "Plan"). *See* ECF No. 30. The Plan is patently unconfirmable, as it fails to meet the requirements under 11 U.S.C. § 1129. The Plan treatment is speculative and lacks fair and equitable treatment. In support of the Objection, Secured Creditor respectfully states and alleges as follows:

### I.    FACTUAL BACKGROUND

#### A.    LOAN AGREEMENT

On or about November 29, 2021, WOPIRB, LLC, in connection with a business loan, executed a Promissory Note[1] (the "Note") secured by the Mortgage in the original principal sum of $475,000.00. STORMFIELD CAPITAL FUNDING I, LLC, directly or through an agent, is in

---

[1] A copy of the Note, Mortgage, Assignment and Judgment was attached to the Proof of Claim filed on November 17, 2023 under Claim 3-1 on the Claims Register.

possession of the Note and is the holder of the Note with the right to enforce it; the Note is either made payable to Stormfield or has been duly indorsed.

The Note carries an interest at the initial rate of 9.99% per annum and requires the Debtor to make monthly interest only payments beginning January 1, 2022 and all subsequent payments to be due on the 1st day of every month thereafter until the loan matures on December 1, 2022. Pursuant to the Note, per paragraph 6, in the event of default the interest rate will accrue at the lesser of (1) eighteen percent (18%) per annum or the Maximum Rate allowed by law. In addition, paragraph 5 of the Note provides for late charges for any payments not received after the (10) calendar days of its due date at 5% of any past due payment amount.

On or about November 29, 2021, Debtor, WOPIRB, LLC, executed and delivered a mortgage (the "Mortgage") upon the premises hereinafter. Said Mortgage was recorded in the Office of the Recorder of the PHILADELPHIA County Clerk/Register, on March 8, 2022, at Instrument No. 53990906. The Mortgage is a matter of public record and is incorporated herein by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff in the state court action from its obligation to attach documents to pleadings if those documents are of public record.

Said Mortgage was assigned from STORMFIELD SPV I, LLC to STORMFIELD CAPITAL FUNDING I, LLC by Assignment of Mortgage (the "Assignment") dated September 23, 2022 and recorded on September 23, 2022 in the Office of the PHILADELPHIA County Clerk/Register at Instrument No. 54101473. The Assignment is a matter of public record and is incorporated herein by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff in the state action from its obligation to attach documents to pleadings if those documents are of public record.

### B.    SUBJECT COLLATERAL

The premise subject to the Mortgage is described in the legal description attached hereto as Exhibit A and is known as 1301 WEST MOYAMENSING AVENUE, PHILADELPHIA, PA 19148, Parcel Number 87-1558040 (the "Property").

### C.    STATE PROCEEDINGS

The Mortgage was in default because monthly payments of principal and interest upon said Mortgage due May 10, 2022 and each month thereafter are due and unpaid, and by the terms of said Mortgage, upon failure of Mortgagor to make such payments after a date specified by written notice sent to the Mortgagor, the entire principal balance and all interest due thereon became collectible forthwith. A foreclosure action was commenced in the Court of Common Pleas of Philadelphia County, Pennsylvania by way of a complaint filed on October 17, 2022. In Rem Judgment (the "Judgment") was signed by the Court on February 27, 2023 and filed on February 28, 2023. Prior to the current bankruptcy filing, the matter was scheduled for foreclosure sale.

### D.    BANKRUPTCY CASE

The instant bankruptcy petition was filed by the borrower, WOPIRB, LLC, (the "Debtor"), on September 11, 2023. *See* ECF No. 1. The deadline for the filings of claims was November 20, 2023. Secured Creditor filed a timely proof of claim (the "Claim") in the amount of $576,894.46 on November 17, 2023 under Claim 3-1 on the Claims Register. The Claim is consistent with the Judgment entered by the Court of Common Pleas of Philadelphia County, Pennsylvania and filed on February 28, 2023. A copy of the Note, Mortgage, Assignment and Judgment was attached to the filed Claim.

On October 11, 2023, the United States Trustee's Office filed a Motion to Dismiss Case and for Expedited Hearing. *See* ECF No. 22. A response was filed by Debtor and the matter was withdrawn on November 14, 2023. *See* ECF Nos. 26, 29. On December 11, 2023, a Chapter 11 Plan of Reorganization (the "Plan") was filed by Debtor and is currently pending. *See* ECF No. 30. Also pending is the Motion to Convert Case to Chapter 7 filed by the Office of the United States Trustee. *See* ECF No. 31.

E.     **BANKRUPTCY PLAN**

The Plan lists Stormfield as Impaired and under Class 2. More specifically, the Plan states "[t]he claim of Stormfield Capital Funding I, LLC to the extent allowed as a secured claim under 11 U.S.C. § 506." The Plan further proposes the following treatment:

| Class 2 – Secured claim of Stormfield Capital Funding I, LLC | ☒ Impaired ☐ Unimpaired | Class 2 is impaired by this Plan. The holder of the Class 2 Claim will be paid $576,894.46 in cash, with interest at an annual rate of 9%. Claimholders of Class 2 claims are entitled to vote on this plan. |

Article 7 intends to fund the Plan through a sale of the Property. More specifically, the Plan states as follows:

**Article 7    Means for Implementation of the Plan**

> The Debtor intends to fund the Plan by pursuing a sale of the property. The Debtor is in discussions with several investors, including a professional athlete, who are interested in purchasing the property. If this does not happen, the Debtor intends to list the property for sale. The Debtor expects to have more information about the interest of potential purchasers on or before December 31, 2023.

The Plan contains no other information in reference to the prospective sale.

## II. ARGUMENT

The standards governing confirmation of a plan of reorganization are set forth in 11 U.S.C. § 1129. The proponent of a Chapter 11 plan bears the burden of proving that the plan satisfies each of the statutory requirements set forth in Section 1129(a). See In re Kemp, 134 B.R. 413 (Bankr. E.D. Cal. 1991); In re Revco D.S., Inc., 131 B.R. 615, 620 (Bankr. N.D. Ohio 1990); In re Rusty Jones, Inc., 110 B.R. 362, 373 (Bankr. N.D. Ill. 1990); In re Texaco, Inc., 84 B.R. 889, 891 (Bankr. S.D. N.Y. 1988). The essential elements for Chapter 11 Subchapter V plan confirmation are set forth at 11 U.S.C. § 1191, which incorporates with modifications 11 U.S.C. § 1129(a)-(b). The Debtor cannot satisfy its burden with respect to the Plan.

DLP is an impaired creditor and is entitled to vote under Class #2. Section 1129 provides:

(a) The court shall confirm a plan only if all of the following requirements are met:
...
(7) With respect to each impaired class of claims or interests—
(A) each holder of a claim or interest of such class—
(i) has accepted the plan; or
(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date; or
...
(8) With respect to each class of claims or interests—
(A) such class has accepted the plan; or
(B) such class is not impaired under the plan.

11 U.S.C. § 1129. Stormfield rejects the Plan for lack of feasibility and for lack of fair and equitable treatment. If a proposed Plan does not have unanimous consent, a court may confirm the plan under 11 U.S.C. § 1129(b) if it otherwise meets the requirements of Section 1129(a), and does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. 11 U.S.C. § 1129(b).

The Plan is not feasible as required under 11 U.S.C. § 1129(a)(11). The debtor must prove feasibility by a preponderance of the evidence. In re S. Canaan Cellular Invs., 427 B.R. 44, 60-61 (Bankr. E.D. Pa. 2010). The purpose of the feasibility test is "to prevent confirmation of visionary schemes which promise creditors and equity holders more under a proposed plan than the debtor can possibly attain after confirmation." In re Kreider, 2006 Bankr. LEXIS 2948, 2006 WL 3068834 at *5 (Bankr. E.D. Pa. Sept. 27, 2006). In re Biz As Usual, LLC, 627 B.R. 122, 130 (Bankr. E.D. Pa. 2021).

The Debtor intends to complete a sale with no deadline, no adequate protection and no safeguards in place. Without a sale, the plan cannot be adequately funded. Under In re Chadda, [i]n determining whether [a plan] is feasible, the bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable [*15] prospect of success and is workable.'") (quoting United Properties, Inc. v. Emporium Department Stores, Inc., 379 F.2d 55, 64 (8th Cir.1967)); 7 Collier on Bankruptcy, P 1129.03[11] (15th ed. rev. 2007). No. 07-12665bif, 2007 Bankr. LEXIS 4213, at *14-15 (Bankr. E.D. Pa. Nov. 9, 2007). An open-ended plan with no safeguards in place cannot be considered feasible and does not protect Stormfield. Therefore, it is not workable.

With respect to feasibility, "[s]incerity, honesty, and willingness are not sufficient to make the plan feasible, and neither are any visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts." 9 Collier on Bankruptcy, at 1139. In re Bergman, 585 F.2d 1171, 1179 (2d Cir. 1978). The debtor may believe in the prospects or likelihood of completing a sale but without actual steps taken in meeting that goal, it is simply a visionary promise with no end in sight.

Summarily, the proposed treatment is speculative since it provides no timeline or safeguards for completion of a sale. The Plan fails to provide details as to the reasonableness of the proposed treatment. There is little to no proof or any disclosures provided that the Property is being actively marketed for sale or is even the subject of a listing agreement. The Plan vaguely references discussion(s) with investors, including a professional athlete, who are interested in purchasing the property. More information was to have been received on or before December 31, 2023 but no such information has become available.

Furthermore, the Debtor has provided no evidence that hazard insurance is being actively maintained on the Property. The Debtor has made no indication of the intent to maintain taxes current as well. There has been no offer of adequate protection as Stormfield waits and waits for the possibility of a sale. For the above reasons, the Plan fails under 11 U.S.C. § 1191 and 11 U.S.C. § 1129 and therefore, must be denied.

### III.   CONCLUSION

For the foregoing reasons, Stormfield respectfully requests that this Court enter an order (i) denying confirmation of the Plan; (ii) granting Stormfield such other relief as may be just and equitable; and (iii) for relief as the Court deems just and proper.

DATED: February 15, 2024

Respectfully submitted,
**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Attorneys for STORMFIELD CAPITAL FUNDING I, LLC

/s/
VINCENT M. DiMAIOLO, JR., ESQ.

cc:   Michael A. Cibik, Esq. - DEBTOR
      Kevin P. Callahan, Esq. - OFFICE OF U.S. TRUSTEE