# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>　　WOPIRB, LLC,<br><br>　　　　　Debtor. | Case No. 23-12722-mdc<br><br>Chapter 11 |

**EXHIBIT A**

### Declaration by Roy L. Ludwick Jr.

1. I am the Managing Member of RCB Investment Consulting LLC, and make this declaration on its behalf.

2. RCB has no connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

3. RCB is not a creditor of the debtor.

4. RCB can perform services required by the debtor relating to this case.

5. RCB has agreed to render professional services for the debtor in return for compensation as set forth in the attached contract.

6. RCB has received no payments from the debtor within the 90 days preceding the order for relief.

7. I understand that, if RCB is approved to serve as the Debtor's financing consultant, all professional fees and services incurred in a bankruptcy case are required to be approved by the bankruptcy court upon application and after notice to all creditors and interested parties.

8. I further understand that payment of professional fees by the debtor may only occur after the bankruptcy court has approved those fees, and that RCB must report payment of any fees from non-debtor sources if made on behalf of the debtor.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: March 4, 2024　　　　　　　　　　　　　／s／ Roy L. Ludwick Jr.
　　　　　　　　　　　　　　　　　　　　　　　Roy L. Ludwick Jr.

**CONSULTING AGREEMENT**

DESCRIPTION OF SERVICES:

Obtaining financing for the property located at **1301 West Moyamensing Ave, Philadelphia, Pennsylvania 19148** ("Financing")

THIS AGREEMENT made the 20th day of February, 2024, by and between the Undersigned **WOPIRB LLC** and/or their assignee, nominee, and affiliates, ("CONSULTEE") and RCB INVESTMENT CONSULTING, LLC ("CONSULTANT").

WITNESSETH:

1. CONSULTEE hereby appoints CONSULTANT as an exclusive CONSULTANT for, and hereby grants CONSULTANT the exclusive rights to pursue the FINANCING on behalf of the CONSULTEE for a price of THREE (3) point(s) or THREE percent (3%) of the total obtained**.**

2. The term of this Agreement shall be for a period of **SIX (6) MONTHS** from the date hereof, at the end of which period this Agreement shall terminate without notice, unless the term is extended in writing by the parties.

3. If, during the term of this Agreement, or after the termination of this Agreement under the circumstances provided for in Paragraph 5 either CONSULTANT or CONSULTEE, any other CONSULTANT, broker, other person or entity, procures the financing from the source(s) referred to by the CONSULTANT, or any part thereof, or any interest therein, CONSULTEE agrees to pay CONSULTANT, to the extent the financier participates in the

financing of the company, a consulting fee equal to THREE (3) POINTS OR THREE PERCENT (3.00%) of the gross amount of the FINANCING.

4. CONSULTEE HEREBY ACKNOWLEDGES THAT CONSULTANT EARNS ITS CONSULTING FEE AT THE TIME ANY AGREEMENT FOR THE FINANCING BECOMES BINDING AND FUNDS ARE DISPERSED BY OR THROUGH ANY PARTY WHATSOEVER, INCLUDING CONSULTEE, OWNER(S) OR LENDER.

5. Notwithstanding that this Agreement shall have been terminated, CONSULTEE agrees to pay CONSULTANT the consulting fee provided for in Paragraph 3 if within SIX (6) MONTHS, or until such later date as negotiations continue after such termination, the FINANCING or any portion thereof shall be obtained by CONSULTEE, or by any other CONSULTEE, consultant or broker, or any other person or entity whatsoever, to any party whether individually or in combination with another or other, to whom the FINANCING had been offered during the term of this Agreement or to any person, firm, or corporation in whom or with whom such party had or has an interest, relationship or connection.

6. CONSULTEE acknowledges receipt of a true and exact copy of this Agreement.

7. CONSULTEE agrees that the rights herein granted CONSULTANT shall be binding upon CONSULTEE and its personal representatives, successors and assigns and to be responsible and pay for CONSULTANT'S legal expenses and attorney's fees, together with

interest from the date first due at the prime interest rate of interest charged from time to time by any federal registered bank, in any successful action to enforce this Agreement.

IN WITNESS WHEREOF, intending to be legally bound, the parties hereto have executed this Agreement on the day and year first above written.

WITNESS / ATTEST

**CONSULTEE:** WOPIRB LLC

_____

By: _____

ACCEPTED:

RCB INVESTMENT CONSULTING, LLC

BY:_____

    Roy L. Ludwick Jr,
    Managing Member