

## PROMISSORY NOTE

**Amount: US $475,000.00**

**Date of this Note:  November $\underline{29}$ , 2021**

**FOR VALUE RECEIVED**, the undersigned, **WOPIRB, LLC,** a Pennsylvania limited liability company having a mailing address at 2528 South 13th Street, Philadelphia, Pennsylvania  19148 (herein referred to as the **"Maker"**), promises to pay to the order of **STORMFIELD SPV I, LLC,** a Connecticut limited liability company having an address of 200 Pequot Avenue, Southport, Connecticut 06890 (the **"Lender"**), the principal sum in the amount of Four Hundred Seventy Five Thousand and No/100 Dollars (US $475,000.00), plus interest, payable at the rate and in the manner provided in paragraph 1 of this Note, together with all taxes assessed upon said sum (other than income or franchise taxes) against the Holder of this Note (the "Holder") and any costs and expenses, including reasonable attorneys' fees, incurred in the collection of this Note or in protecting or sustaining the lien of the same.

1.    **INTEREST RATE**

The principal balance of this Note shall bear a fixed interest rate per annum equal to NINE AND 99/100 (9.99%) PERCENT calculated on a 360-day year and charged based on actual days, from the date hereof until this Note is fully paid.

2.    **REPAYMENT.**

Payments of interest only on the principal balance, in the amount of $4,009.30 are payable in arrears and are due monthly on the 1st day of the month beginning on January 1, 2022, the interest due for the period prior thereto having been paid by the Maker upon execution hereof.  The foregoing notwithstanding, upon execution hereof, an interest reserve in the amount of $12,027.89 (the "Interest Reserve") shall be established from the proceeds of the Loan to fund the first three (3) monthly interest payments due hereunder. Commencing on April 1, 2022 or depletion of the Interest Reserve, the monthly payments due hereunder shall be paid directly to Lender by Borrower.  Subject to the terms of Paragraph 7 hereof, the balance, if any, remaining in the Interest Reserve upon payment in full of all sums due hereunder shall be refunded to Borrower.

The principal balance together with any interest due thereon shall, if not sooner paid, be finally due and payable in full on December 1, 2022 ("Maturity Date").

THE UNDERSIGNED ACKNOWLEDGES THAT THE MONTHLY PAYMENTS CALLED FOR IN THIS NOTE WILL PAY INTEREST ONLY AND WILL NOT PAY OFF THIS NOTE IN FULL ON THE DATE DUE AND THAT THERE WILL BE A DISPROPORTIONATELY LARGE PAYMENT DUE (CALLED THE "BALLOON PAYMENT") ON THE DUE DATE.

All payments of principal and interest shall be made in lawful money of the United States which shall be legal tender in payment of all debts at the time of payment.  Any check,

draft or money order remitted in settlement of this Note, may be handled for collection in accordance with the practice of the collecting bank or banks and shall not be deemed payment until the money is actually received by the Holder.

The foregoing notwithstanding, Borrower may elect to extend the Loan term for an additional three (3) month period, provided that:

(i)     Borrower gives Lender thirty (30) days advance notice of its intention to exercise this option to extend the Loan term;

(ii)     Borrower is not in default under any of the terms of this Promissory Note, the Mortgage Deed and Security Agreement, or any other document entered into by Borrower with respect to the Loan; and

(iii)     Borrower pays to Lender an extension fee in the amount of $5,937.50.


**3.     USE OF LOAN PROCEEDS.**

(a)     The Maker covenants and agrees that the proceeds of the Loan shall be used for business purposes.

(b)     The Maker attests that the proceeds of this Note are to be used for general commercial purposes and that no part of such proceeds will be used, in whole or in part, for purchasing or carrying any "margin security" as such term is defined in Regulation U of the Board of Governors of the Federal Reserve System.

**4.     APPLICATION OF PAYMENTS.**

Payments will be applied first to fully pay costs and expenses incurred by the Holder in collecting this Note or in sustaining and/or enforcing any security granted to secure this Note, if any, then to fully pay any outstanding late charges or prepayment fees, then to fully pay accrued interest and the remainder will be applied to principal.

**5.     LATE CHARGE.**

Maker shall pay the Holder a late charge of five (5%) percent of any monthly installment not received by the Holder within ten (10) days after the installment is due, to cover the additional expenses involved in handling such overdue installment.  This charge shall be in addition to, and not in lieu of, any other interest due as provided for in Paragraph 1 hereof and in addition to any other remedy the Holder may have and is in addition to any reasonable fees and charges of any agents or attorneys which the Holder is entitled to employ in the event of default hereunder, whether authorized herein or by law.  Maker will pay this late charge promptly but only once for each late payment.

## 6.    DEFAULT.

Upon the occurrence of any Event of Default (as hereinafter defined), the entire outstanding balance of this Note shall, at the option of the Holder, become immediately due and payable without notice or demand, and in any event, interest shall immediately accrue at a "default rate" which means the rate of interest which is Eighteen (18%) percent per annum, but in no event to exceed the maximum rate allowed by law.

An Event of Default is defined as any one of the following: (i) default in the payment of any interest, principal or other amounts due hereunder during the term of this Note and such default continuing for a period of ten (10) days after the due date thereof, (ii) default in the payment of any principal or other amounts due at the end of the term of this Note; (iii) default in the performance of any of the other conditions or stipulations of this Note thirty (30) days after written notice thereof; (iv) the occurrence of any event of default as defined in the Mortgage Deed securing this Note, or any prior encumbrance; or in the event of any of their terms or conditions of any prior encumbrance are changed or altered in any way whatsoever; or any other obligation of the Maker to the Lender in connection with the indebtedness evidenced by this Note or the breach of any provision of any Assignment of Leases, or any other instrument securing this Note or any other agreement presently or hereafter existing between Maker and Lender subject to the giving of applicable notice of default and/or the expiration of the applicable cure period; (v) a default beyond any applicable notice or cure period in the payment or performance of any other obligation of Maker (or any guarantor of this Note) to the Lender; (vi) Lender believes that a material adverse change in the assets, liabilities, financial condition or business of Borrower or any Guarantor has occurred since the date of any financial statements delivered to Lender before or after the date hereof; or (vii) a determination by the Lender made in good faith and for any commercially sound reason, that the prospect of repayment is substantially and materially impaired or threatened by reason of a material adverse change in the financial condition of the Borrower or material adverse condition in the mortgaged premises.

The provisions of this paragraph shall be incorporated by reference into the written Guaranty of the Guarantor(s) of this Note, if any.

## 7.    PREPAYMENT.

The Maker may prepay the Loan in full at any time provided it gives the Lender at least ten (10) days prior written notice of any such intended prepayment upon payment of a prepayment fee as follows: In the event that Maker prepays the loan during the first three (3) months of the loan term, Maker shall pay a prepayment fee equal to the interest payments remaining for the first three (3) months of the loan term. By way of example, if the Maker prepays the loan after making two (2) monthly payments, the prepayment penalty shall be in an amount equal to one (1) monthly payment. There shall be no prepayment fee due from the Maker if the loan is prepaid subsequent to Maker having made three (3) monthly loan payments. Partial prepayments of the Loan are not permitted.

All prepayments of principal shall be accompanied by and applied first to the payment of costs and expenses, then to unpaid late charges and prepayment fees, then to accrued and unpaid interest and the balance on account of the unpaid principal.

8.    **PREJUDGMENT REMEDY WAIVER.**

MAKER ACKNOWLEDGES AND REPRESENTS THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION AND THAT THE PROCEEDS OF THE LOAN SHALL NOT BE USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES. MAKER AND ANY SUBSEQUENT ENDORSER, GUARANTOR OR OTHER ACCOMMODATION MAKER HEREBY VOLUNTARILY WAIVE ANY RIGHTS TO NOTICE OR HEARING UNDER APPLICABLE LAW AS NOW OR HEREAFTER AMENDED, OR AS OTHERWISE REQUIRED BY ANY LAW WITH RESPECT TO ANY PREJUDGMENT REMEDY WHICH THE HOLDER MAY ELECT TO USE OR WHICH IT MAY AVAIL ITSELF. THE MAKER FURTHER WAIVES, TO THE GREATEST EXTENT PERMITTED BY LAW, THE BENEFITS OF ALL PRESENT AND FUTURE VALUATION, APPRAISEMENT, EXEMPTION, STAY, REDEMPTION AND MORATORIUM LAWS. THE MAKER FURTHER WAIVES ANY REQUIREMENTS THAT LENDER OBTAIN A BOND OR ANY SIMILAR DEVICE IN CONNECTION WITH THE EXERCISE OF ANY REMEDY OR THE ENFORCEMENT OF ANY RIGHT HEREUNDER OR PERTAINING TO THE LOAN.

9.    **WAIVER OF RIGHT TO TRIAL BY JURY.**

MAKER AND ANY SUBSEQUENT ENDORSER, GUARANTOR OR OTHER ACCOMMODATION MAKER (COLLECTIVELY THE "MAKER") WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THE SUBJECT MATTER OF THIS NOTE OR ANY CONDUCT RELATING TO THE ADMINISTRATION OR ENFORCEMENT OF THIS NOTE OR ARISING FROM THE DEBTOR/CREDITOR RELATIONSHIP OF THE PARTIES HERETO. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY THE MAKER, AND THE MAKER ACKNOWLEDGES THAT LENDER HAS NOT MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. THE MAKER ACKNOWLEDGES THAT THIS WAIVER MAY DEPRIVE MAKER OF AN IMPORTANT RIGHT AND THAT SUCH WAIVER HAS KNOWINGLY AND VOLUNTARILY BEEN AGREED TO BY THE MAKER. THE MAKER FURTHER ACKNOWLEDGES THAT MAKER HAS BEEN REPRESENTED (OR HAS HAD THE OPPORTUNITY TO BE REPRESENTED) IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL SELECTED BY MAKER AND THAT MAKER HAS HAD THE TIME TO DISCUSS THIS WAIVER WITH HIS LEGAL COUNSEL.

10.    **DELAY IN ENFORCEMENT**

The liability of Maker and any subsequent endorser, guarantor or other accommodation maker under this Note is unconditional and shall not be affected by an extension of time, renewal, waiver or any other modification whatsoever, granted or consented to by the Holder. Any failure by the Holder to exercise any right it may have under this Note is not a waiver of the Holder's right to exercise the same or any other right at any other time.

**11.    CHANGES.**

No agreement by the Holder to change, waive or release the terms of this Note will be valid unless it is in writing and signed by Maker and the Holder.

**12.    WAIVER.**

**MAKER AND ANY SUBSEQUENT ENDORSER, GUARANTOR OR OTHER ACCOMMODATION MAKER WAIVES PRESENTMENT, DEMAND FOR PAYMENT AND NOTICE OF DISHONOR.**

**13.    PENNSYLVANIA LAW.** The provisions of this Note shall be governed by the laws of the Commonwealth of Pennsylvania.

**14.    JURISDICTION AND VENUE.**

Any action or proceeding to enforce or defend any rights under this Note or under any agreement, instrument or other document contemplated hereby or related hereto; directly or indirectly related to or connected with the Loan or the administration or enforcement thereof; or arising from the debtor/creditor relationship of the Maker and the Lender shall be brought only in the Courts of Pennsylvania or Connecticut or of the Federal Government located in Pennsylvania or Connecticut. The parties hereto agree that any proceeding instituted in either of such courts shall be of proper venue, that such courts shall have personal jurisdiction over the parties and that any and all pleadings, summons, motions and other process in such proceeding shall be fully and effectively served when transmitted by United States Mail (registered or certified), postage and registry fees prepaid. Any judgment or decree obtained in any such action or proceeding may be filed or enforced in any other appropriate court.

**15.    RIGHT OF SET-OFF.**

Upon the occurrence of any Event of Default, the Lender shall have the right to set-off against the Loan all of Maker's deposits, credit and property now or hereafter in the possession or control of the Lender, its agent or bailee or in transit to it. The Lender may apply the same, or any part thereof, to the Loan without prior notice or demand.

**16.    INVALIDITY.**

If any provision of this Note or the application of any provision to any person or circumstance shall be invalid or unenforceable, neither the balance of this Note nor the application of the provision to other persons or circumstances shall be affected.

**17.    JOINT AND SEVERAL LIABILITY, BINDING EFFECT.**

This Note and all obligations hereunder, to the extent signed by more than one party, shall be the joint and several obligations of each Maker, and any endorsers or other accommodation makers, and each provision hereof shall apply to each and all jointly and severally. The provisions of this Note are binding on the successors and assigns of Maker

and shall inure to the benefit of the Lender, its successors and assigns and to subsequent Holders of this Note.

**18.    INTERPRETATION.**

Captions and headings used in this Note are for convenience only. The term "Maker" and any pronoun referring thereto as used herein shall be construed in the masculine, feminine or neuter as the context may require. The singular includes the plural and the plural includes the singular. "Any" means any and all.

**19.    RECOVERY OF PAYMENT.**

To the extent the Loan is reduced or paid in full by reason of any payment to the Lender by any subsequent accommodation maker, endorser or guarantor, and all or any part of such payment is rescinded, avoided or recovered from the Lender for any reason whatsoever, including, without limitation, any proceedings in connection with the insolvency, bankruptcy or reorganization of such accommodation maker, endorser or guarantor, the amount of such rescinded, avoided or refused payment shall be added to or, in the event the Note has been previously-paid in full, shall revive the principal balance of this Note upon which interest may be charged at the applicable rate set forth in this Note and shall be considered part of the Loan and all terms and provisions herein shall thereafter apply to same.

**20.    NO VIOLATIONS OF GOVERNMENTAL PROHIBITIONS.**

Neither the making of the Loan, nor the receipt of Loan proceeds by Borrower, violates any Law applicable to Borrower, including, without limitation, any of the Terrorism Laws. Neither the making of the Loan, nor the receipt of Loan proceeds by Borrower (a "Principal Party") violates any of the Terrorism Laws applicable to any of the Principal Parties. To Borrower's best knowledge, no holder of any direct or indirect equitable, legal or beneficial interest in Borrower or any Principal Party is the subject of any of the Terrorism Laws. No portion of the Loan proceeds will be used, disbursed or distributed by Borrower for any purpose, or to any Person, directly or indirectly, in violation of any Law including, without limitation, any of the Terrorism Laws. As used in this Agreement, the term "**Terrorism Laws**" means Executive Order 13224 issued by the President of the United States of America, the Terrorism Sanctions Regulations (Title 31 Part 595 of the U.S. Code of Federal Regulations), the Terrorism List Governments Sanctions Regulations (Title 31 Part 596 of the U.S. Code of Federal Regulations), and the Foreign Terrorist Organizations Sanctions Regulations (Title 31 Part 597 of the U.S. Code of Federal Regulations), and all other present and future federal, state and local laws, ordinances, regulations, policies and any other requirements of any Governmental Agency (including, without limitation, the United States Department of the Treasury Office of Foreign Assets Control) addressing, relating to, or attempting to eliminate, terrorist acts and acts of war, each as hereafter supplemented, amended or modified from time to time, and the present and future rules, regulations and guidance documents promulgated under any of the foregoing, or under similar laws, ordinances, regulations, policies or requirements of other States or localities.

**21.    COMPLIANCE WITH GOVERNMENTAL PROHIBITIONS.**

No portion of the Loan proceeds will be used, disbursed or distributed by Borrower for any purpose, or to any Person, in violation of any Law including, without limitation, any of the

Terrorism Laws. Borrower shall provide Lender with immediate written notice (a) of any failure of any of the representations and warranties set forth in Section 20 of this Note to be true, correct and complete in all respects at any time, or (b) if Borrower obtains knowledge that Borrower, or any holder at any time of any direct or indirect equitable, legal or beneficial interest in Borrower is the subject of any of the Terrorism Laws. Borrower shall immediately and diligently take, or cause to be immediately and diligently taken, all necessary action to comply with all Terrorism Laws and to cause the representations and warranties set forth in Section 20 of this Note to be true, correct and complete in all respects.

## 22. SECURITY.

This Note is secured by a Mortgage Deed (the "**Mortgage**") of even date herewith on properties known as **1301 W. Moyamensing Avenue, Philadelphia, Pennsylvania** (the **"Property"**) and the Guaranty of Michael F. Powles.

## 23. NOTICES.

A demand upon or notice to Borrower hereunder shall be deemed sufficient and commercially reasonable notice and shall be effective if deposited in the mail or sent by facsimile transmission or by a recognized overnight courier addressed to Borrower at the following address: to WOPIRB, LLC, 2528 South 13th Street, Philadelphia, Pennsylvania 19148, or directed to Borrower at the last address furnished in writing to Holder, or directed to the address at which Holder customarily communicates with Borrower. Any notice to Holder hereunder shall be effective only upon its receipt by Holder in writing at the following address: STORMFIELD SPV I, LLC, 200 Pequot Avenue, Southport, Connecticut 06890.

## 24. COSTS AND EXPENSES.

Borrower shall pay the cost of any revenue tax or other tax stamps now or hereafter required by law at any time to be affixed to this Note.

## 25. LOAN SERVICING FEE, EXIT FEE.

Lender shall charge a loan servicing fee of $100.00 per month during the term of the loan and for any period of time prior to repayment of the loan; loan servicing fees in the amount of $1,200.00 shall be paid in advance by the Maker upon execution hereof and shall be non-refundable for the period of the loan. Additionally, an exit fee in the amount of $4,750.00 shall be paid by the Maker upon repayment in full of the Loan.

Borrower:

WOPIRB, LLC

By: _Michael F. Powles_____
     Michael F. Powles
     Duly Authorized Sole Member

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF *Philadelphia*

On this, the _29_ day of November, 2021, before me, the undersigned officer, personally appeared MICHAEL F. POWLES, who acknowledged himself to be the Duly Authorized Sole Member of WOPIRB, LLC, a Pennsylvania limited liability company, and that he as such Sole Member, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the company by himself as Sole Member.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Commonwealth of Pennsylvania - Notary Seal
GIANNA CRISTINZIO - Notary Public
Philadelphia County
My Commission Expires October 16, 2024
Commission Number 1272383

Notary Public
My Commission Expires: